NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 3 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DOLORES PIPER, individually and as co-successor-in-interest to Decedent, Derrick Louis Lamar Gaines, a minor,

Plaintiff-Appellant,

v.

JOSHUA CABILLO, individually and in his official capacity as a Police Officer for the South San Francisco Police Department,

Defendant-Appellee.

No.   14-16830

D.C. No. 3:14-cv-02579-JCS

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Joseph C. Spero, Magistrate Judge, Presiding

Argued and Submitted October 20, 2016
San Francisco, California

Before:  CALLAHAN and HURWITZ, Circuit Judges, and MOLLOY,** District Judge.

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

Joshua Cabillo, a South San Francisco Police officer, shot and killed fifteen-year-old Derrick Louis Lamar Gaines ("D.L."). D.L.'s parents, Rachel Guido and Derrick Lamar Gaines, filed a 42 U.S.C. § 1983 action against Cabillo; the suit was later settled. After the parents' suit was filed, but before the settlement, Dolores Piper also filed a pro se § 1983 action against Cabillo, seeking damages as D.L.'s "surviving great aunt and legal guardian." Cabillo moved to dismiss, arguing that Piper lacked standing to seek damages for loss of familial relationship. Piper did not oppose the motion or request leave to amend her complaint. The district court dismissed Piper's complaint with prejudice. We have jurisdiction over her counseled appeal under 28 U.S.C. § 1291 and affirm.

1. Although § 1983 allows a parent to recover damages for the state's interference with the "constitutionally protected liberty interest in the companionship and society of his or her child," *Kelson v. City of Springfield*, 767 F.2d 651, 655 (9th Cir. 1985), this right does not extend to other family members, such as great aunts, *see Ward v. City of San Jose*, 967 F.2d 280, 283–84 (9th Cir. 1991), *as amended on denial of reh'g* (June 16, 1992), or "creature[s] of state law," *see Backlund v. Barnhart*, 778 F.2d 1386, 1390 (9th Cir. 1985) (quoting *Drummond v. Fulton Cty. Dep't of Family & Children's Servs.*, 563 F.2d 1200, 1207 (5th Cir. 1977)), such as legal guardians. Piper's complaint therefore failed to state a claim upon which relief could be granted.

2. The district court did not abuse its discretion in denying Piper leave to amend to clarify her relationship with D.L., as any amendment "would be futile." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). Piper asserts that she raised D.L. when his biological parents would not take responsibility for him, but the constitutionally protected liberty interest of parents in relationships with their children is not obviated by the weakness of the relationship. *Santosky v. Kramer*, 455 U.S. 745, 753–54 (1982). Nor can Piper allege facts (such as an adoption) establishing that she legally supplanted the parents' familial interests. *See Smith v. Org. of Foster Families for Equal. & Reform*, 431 U.S. 816, 846–47 (1977) (explaining that "[w]hatever liberty interest might otherwise exist in" a non-biological "family-like" relationship "must be substantially attenuated" when the alternative is vindicating the right of a biological parent). Although we today assume without deciding that a non-biological non-adoptive "parent" could, under some circumstances, recover under § 1983 for loss of familial relations with a child, we cannot find such standing in a case in which the biological parents have already vindicated identical rights against the same defendant.

**AFFIRMED.**